FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

2016 MAR 10 AM 11:51

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

KANG HAGGERTY & FETBROYT LLC

Plaintiff,

v.

BAXTER MCLINDON HAYES, JR

and

UTILIPATH HOLDINGS, INC.,

Defendants.

CIVIL ACTION

NO. 3:16-cv-235-J-25JRK

**COMPLAINT**

Plaintiff Kang Haggerty & Fetbroyt LLC brings this action against Defendants Baxter McLindon Hayes, Jr. and Utilipath Holdings, Inc., and in support thereof avers as follows:

**PARTIES**

1. Plaintiff, Kang Haggerty & Fetbroyt LLC, is a Pennsylvania limited liability company that maintains its principal place of business at 123 South Broad Street, Suite 1670, Philadelphia, PA 19109.

2. Plaintiff is in the business of providing professional legal services.

3. Defendant, Baxter McLindon Hayes, Jr. ("Hayes") is an adult individual residing at [redacted], Fernandina Beach, FL [redacted].

4. Defendant, Utilipath Holdings, Inc. ("Holdings") is a North Carolina corporation that maintains its principal place of business at 11020 David Taylor Drive, Suite 103, Charlotte, NC 28262.

5. Defendant Hayes is an officer and owner of Defendant Holdings.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), as Defendant Hayes resides in this district.

## FACTS

8. Hayes and Holdings, together with Hayes's sons, Baxter McLindon Hayes, III ("Lindon") and Jarrod Tyson Hayes ("Jarrod") are defendants in two separate lawsuits: *Utilipath, LLC v. Baxter McLindon Hayes, Jr., et al.*, Court of Chancery of Delaware, Civil Action No. 9214-VCN (the "Delaware Action"); and *NewSpring Mezzanine Capital Ii, L.P. v. Baxter McLindon Hayes, Jr., et al.*, U.S. District Court for EDPA, Civil Action No. 2:14-cv-01706-NIQA (the "Federal Court Action") (collectively, the "Lawsuits").

9. On or about April 29, 2014, Defendant Hayes, both individually and on behalf of Holdings, engaged Plaintiff to defend Hayes and Holdings against the claims advanced against them in the Lawsuits and, where applicable, to investigate and prosecute any counterclaim, cross claim, or separate claim in the Lawsuits.

10. The terms of Plaintiff's representation of Defendants is set forth in an engagement letter dated April 26, 2014, and signed by Defendants on April 29, 2014 (the "Letter Agreement") A true and correct copy of the executed Letter Agreement is attached hereto as Exhibit A.

11. Pursuant to the Letter Agreement, Defendant agreed to pay fees for Plaintiff's professional services on a hybrid fee basis, in which Plaintiff would be entitled to a fee based on

an hourly rate, plus a contingency fee on any recovery from Defendant's counterclaim, cross claim, or separate claim. Defendant also agreed to compensate Plaintiff for any of Plaintiff's "hard costs" incurred in the representation. *See* Exhibit A, at p. 2.

12. The Letter Agreement sets forth the agreed-upon hourly rates for the attorneys, paralegals, and legal assistants that would be providing services to Defendant. *Id.*

13. The Letter Agreement also provides that Plaintiff would provide monthly invoices for fees and costs incurred, payable by Defendant upon receipt. Further, Plaintiff, at its option, may impose a monthly interest charge of 0.5% per month for all fees not paid within thirty (30) days of the date of the invoice. *Id.*

14. Additionally, the Letter Agreement provides that its terms shall also apply to professional services rendered to Defendant by Plaintiff related to matters other than the Lawsuits. *Id.* at p. 1.

15. Plaintiff performed under the terms of the Letter Agreement, expending hundreds of hours of attorney time in defending Hayes and Holdings in the Lawsuits and in pursuing a counterclaim and cross-claim in the Federal Court Action.

16. Specifically, Plaintiff prepared multiple pleadings, engaged in various motion practice, and conducted extensive discovery of parties and nonparties in the Lawsuits.

17. Further, Plaintiff provided professional services to Defendant, as requested by Defendant, in other matters not directly related to the Lawsuits.

18. Plaintiff invoiced Defendants for the services rendered, as set forth in the Letter Agreement.

19. As a result of irreconcilable conflicts between Plaintiff and Defendant concerning the nature of the representation, Plaintiff withdrew from Representing Defendant in March 2015.

20. At the time of Plaintiff's withdrawal, Defendants had significant outstanding balances for fees owed to Plaintiff. Namely, Defendants failed or refused to pay Plaintiff for its December 2014, January 2015, February 2015, and March 2015 invoices. A true and correct copy of a statement reflecting the unpaid invoices by Defendants is attached hereto as Exhibit B.

21. Accordingly, Plaintiff sent Defendants a letter on or about April 27, 2015 outlining the amount due and requesting payment. A true and correct copy of the April 27, 2015 letter is attached hereto as Exhibit C.

22. Specifically, as of the April 27, 2015 letter, Defendants owed an outstanding balance of $94,032.79 for professional services rendered by Plaintiff pursuant to the Letter Agreement.

23. To date, Defendants have not paid the amounts due and owing to Plaintiff.

**COUNT I**

**Breach of Contract**

24. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though set forth at length herein.

25. Plaintiff and Defendants entered in to the Letter Agreement.

26. Plaintiff fulfilled its obligations under the Letter Agreement by providing professional legal services in accordance with the terms of the Letter Agreement.

27. Defendants breached their obligations under the Letter Agreement by, among other things, failing to pay Plaintiff the agreed-upon fees for Plaintiff's services.

28. As a result of Defendants' breach, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in the amount of $94,032.79, plus interest, costs of suit, and for such other relief as the Court deems equitable and just.

## COUNT II

## Unjust Enrichment

29. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though set forth at length herein.

30. Plaintiff conferred a benefit upon Defendants by performing the professional services described above and representing Defendants in the Lawsuits and other matters.

31. Defendants had knowledge of the benefit conferred upon them by Plaintiff.

32. Defendants accepted and retained the benefits conferred upon them by Plaintiff.

33. Defendants were unjustly enriched at Plaintiff's expense in that they accepted the benefit of Plaintiff's services without providing a reciprocal benefit to Plaintiff.

34. Under the circumstances, Defendants' acceptance and retention of the benefit of Plaintiff's services is unfair and inequitable as they received this benefit at Plaintiff's expense.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages in the amount of $94,032.79, plus interest, costs of suit, and for such other relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

*[signature page follows]*

Respectfully submitted,

KANG HAGGERTY & FETBROYT LLC

By:______________________________

David P. Dean (FL Bar No. 25873)
KANG HAGGERTY & FETBROYT LLC
123 S. Broad Street, Suite 1670
Philadelphia, PA 19109
P: (215) 525-5850
F: (215) 525-5860
ddean@lawkhf.com
*Attorney for Plaintiff*

Dated: March 9, 2016